**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DREAMSKY INVESTMENT, LLC, | CASE NO. 5:12-cv-03666 EJD |
| Plaintiff(s), | **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION; REMANDING CASE** |
| v. | |
| SUSAN HOANG, et. al., | [Docket Item No(s). 17] |
| Defendant(s). | |

## I. INTRODUCTION

Defendants Susan Hoang and Daniel X. Hoang ("Defendants") removed the instant unlawful detainer action from Santa Clara County Superior Court after that court issued a judgment in favor of Plaintiff Dreamsky Investment, LLC ("Plaintiff") in relation to certain real property located in San Jose, California. See Not. of Removal, Docket Item No. 1; see also Decl. of Kirkman J. Hoffman ("Hoffman Decl."), Docket Item No. 11, at Ex. 2. Presently before the court is Defendants' request for a temporary restraining order. See Docket Item No. 17. Having now reviewed this matter is its entirety, the court finds it lacks jurisdiction over this action and cannot provide Defendants the relief they request. Accordingly, the hearing scheduled for August 14, 2012, will be vacated, Plaintiffs' request for a temporary restraining order will be denied, and this action will be remanded to the superior court from which it originated.

## II. LEGAL STANDARD

The issue presented here is one of subject matter jurisdiction. This term "refers to a

1

tribunal's power to hear a case, a matter that can never be forfeited or waived." Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 130 S. Ct. 584, 596 (2009). It can be raised at any time during the course of a proceeding by the parties or by the court. See Fed. R. Civ. Proc. 12(h)(3); see also Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002).

Since this action was removed from state court, well established jurisdictional principles must be applied to determine whether the case is properly before the district court. Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

An anticipated or even actual federal defense or counterclaim is not sufficient to confer jurisdiction. Constr. Laborers Vacation Trust, 463 U.S. at 10.

2
CASE NO. 5:12-cv-03666 EJD
ORDER DENYING DEFENDANTS' EX PARTE APPLICATION; REMANDING CASE

## III. DISCUSSION

In the Notice of Removal, Defendants contend that federal jurisdiction arises from both the presence of a federal question and from diversity of the parties. See Not. of Removal, Docket Item No. 1. The court disagrees.

Plaintiff alleges a single claim for unlawful detainer against Defendants within the complaint originally filed in state court and attached to the Notice of Removal. See id. It is well established that unlawful detainer claims themselves do not arise under federal law and, therefore, cannot support federal-question jurisdiction. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010).

Despite this seemingly clear standard, Defendants appear to assert in the Notice of Removal that the "taking of property without due process" raises a federal question. Notably, however, a federal due process claim does not appear on the face of Plaintiff's complaint, nor does such a claim confer federal jurisdiction to the extent it may be raised as an independent defense or counterclaim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense). Federal question jurisdiction therefore does not exist.

Morever, jurisdiction cannot rest on diversity of citizenship because both Plaintiff and Defendants are citizens of California. See Not. of Removal, Docket Item No. 1. As to Defendants, they presumably reside at the California address listed on their pleadings, which is also the address of the real property at issue. For Plaintiff, the complaint clarifies that "Plaintiff is a Limited Liability Company, organized and existing under the laws of the State of California." See id.

In addition, Defendants' reference to another related case currently pending in this court suggests their reliance on supplemental jurisdiction. Such reliance, however, is misplaced. "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a

1 removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction
2 statute, even if the action which a defendant seeks to remove is related to another action over which
3 the federal district court already has subject-matter jurisdiction." Pacific Bell v. Covad Commc'ns
4 Co., No. C 99-1491 SI, 1999 WL 390840, 1999 U.S. Dist. LEXIS 8846, at *9 (N.D. Cal. June 8,
5 1999) (quoting Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)). Thus,
6 any relationship between this unlawful detainer action and any actual or potential case for wrongful
7 foreclosure is irrelevant for purposes of removal and, in turn, for this jurisdictional analysis.

For these reasons, there is no apparent basis for federal jurisdiction. And "[w]ithout
jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law,
and when it ceases to exist, the only function remaining to the court is that of announcing the fact
and dismissing the cause." Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). Although the
absence of jurisdiction in this case results in remand rather than dismissal, the court is nonetheless
precluded from providing Defendants the injunctive relief they seek. Accordingly, Defendants' ex
parte application will be denied and this case remanded to the superior court for further proceedings.

### IV. ORDER

Based on the foregoing, Defendants' ex parte application (Docket Item No. 17) is DENIED. This action is REMANDED to Santa Clara County Superior Court because this court lacks jurisdiction and the hearing scheduled for August 14, 2012, is VACATED.

Plaintiff's motion to remand (Docket Item No. 9) is TERMINATED AS MOOT. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 10, 2012

_____
EDWARD J. DAVILA
United States District Judge